Savepex Sales Co., Inc., an Illinois Corporation, Plaintiff-Appellant, v. M. S. Kaplan Company, an Illinois Corporation, Defendant-Appellee.

Gen. No. 52,460.

First District, Third Division.

December 19, 1968.

Weinstein, Myer and New, of Chicago (Arthur Berlin, of counsel), for appellant.

Blanksten and Lansing, of Chicago (Bernard M. Kaplan, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an action for the price of goods sold and delivered by the plaintiff to the defendant. Summary judgment was entered in favor of the defendant on the basis of the trial court's finding that a judgment entered in a

previous garnishment proceeding, in which defendant was garnishee and plaintiff was judgment debtor, is res adjudicata and a bar to plaintiff's action. Plaintiff appeals, contending that the garnishment proceeding is not a bar to its claim in the instant action. The facts follow.

On December 30, 1963, plaintiff filed a complaint in the instant action for $13,950.55, the price of goods allegedly sold and delivered to the defendant. On June 15, 1966, the defendant made a motion supported by affidavits for summary judgment in which it alleged that a prior judgment in a garnishment proceeding was a bar to plaintiff's action. The trial court made the following findings of fact which are not disputed on appeal.

Savepex Sales Co., Inc. (Savepex), plaintiff in the instant action, was a judgment debtor in the sum of $27,260.64 to W. E. Gould and Company (Gould). Gould filed a garnishment action in Case No. 63 S 24892 against the M. S. Kaplan Company (Kaplan), as garnishee for any money due from it to Savepex. Kaplan at first answered "No funds," but subsequently filed an amended answer in which it admitted it owed Savepex the sum of $2,420.48. After a hearing on the amended answer, in which both Kaplan and Savepex participated, the court in that case found that Kaplan owed Savepex $2,420.48. Judgment was entered accordingly and the sum paid by Kaplan to Gould, the judgment creditor. Subsequent to that proceeding, Savepex and Kaplan transacted no further business.

On the basis of the foregoing findings of fact the court in the action now before us held that "the proceeding in garnishment in Case No. 63 S 24892 in res adjudicata as to this proceeding and therefore the defendant's motion for summary judgment is hereby allowed, and this suit is dismissed." Savepex now appeals from this order.

Savepex contends that the prior determination in the garnishment proceedings, that Kaplan owed it only $2,420.48, is not res adjudicata as to the instant action in

which it alleges that Kaplan actually owed it $13,950.55. Kaplan contends that section 44 of the Illinois Garnishment Act provides that its payment of the judgment in the garnishment proceeding acquits it of all demands by Savepex.

Section 44 of the Garnishment Act provides that the following rules shall apply in giving effect to judgments in garnishment proceedings:

> "44. Judgment against a garnishee shall be enforceable as in other civil cases and shall acquit the garnishee of all demands by the judgment debtor for the indebtedness or other property paid, delivered or accounted for by the garnishee by virtue of the judgment in garnishment. The discharge of the garnishee is no bar to an action by the judgment debtor for the same demand." Ill Rev Stats, c 62, § 44 (1967).

Kaplan contends that by virtue of this section its payment of the judgment in the garnishment proceedings is a bar to a claim by Savepex on the same debt. Savepex contends that the last sentence of section 44 makes it clear that it is not barred from proving that Kaplan owed it more than the amount determined in the garnishment proceedings and that it is entitled to recover that amount less what Kaplan paid as a result of the judgment against it in the garnishment proceedings. The authorities support plaintiff's contention.

■ The law is well settled that a judgment against a garnishee is not conclusive as to the amount of his indebtedness to the judgment debtor in the garnishment proceedings and does not constitute a bar to an action by that judgment debtor against the garnishee to recover the residue over and above the amount paid by the garnishee pursuant to the judgment in garnishment. Ippoliti v. Puglisi, 241 Ill App 494; Low v. Arnstein, 73 Ill App 215; Home Ins. Co. of New York v. Kirk for Use of Kirk,

■■■■■■■■■■■■■■
■■■■■■■

23 Ill App 19; 166 ALR 294, 38 CJS 577. In Ippoliti, supra, the court said, at 500:

> "The effect of a judgment against the garnishees for $126.83 would be to acquit him of the amount paid under the garnishment only and all other claims remained as they were prior to the garnishment. If the garnishees were indebted to Granger (the judgment debtor) in excess of $126.83, he had his remedy against them at law in a proper proceeding under formal pleadings where all rights could be determined."

These cases were decided before section 44 of the Garnishment Act was enacted, but sections 16 and 17 of the Garnishment Act then in effect contained the same language which is now embodied in section 44 (Ill Rev Stats, c 72, §§ 16, 17, repealed 1959).

■■ Section 44 of the present Garnishment Act itself clearly indicates that while the intention of the legislature on the one hand was to protect the garnishee from double liability by providing that he be acquitted as to any amount paid by virtue of a judgment in garnishment, its intention was also to protect the judgment debtor by providing that a discharge of the garnishee will not bar an action by the judgment debtor against the garnishee for the same demand. Consequently this section has not changed the rule that the finding in a garnishment proceeding is not binding on the judgment debtor except as to the amount actually paid by the garnishee.

In the instant case Kaplan paid $2,420.48 to the judgment creditor in the garnishment proceedings and it is acquitted of its obligation to pay that portion of the amount it owed Savepex. Savepex however is not bound by the finding of the court in the garnishment proceedings that that is all Kaplan owed it and it may recover

from Kaplan the total amount owed less the sum of $2,420.48 paid pursuant to the garnishment judgment.

The judgment is accordingly reversed and the cause is remanded for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

DEMPSEY, P. J. and SULLIVAN, J., concur.